UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

KATHERINE CORMIER
AND DAVID CORMIER,

  Plaintiffs,

V.           CASE NO. 3:01CV02176 (RNC)

TGW TRANSPORTGERATE GMBH &
CO. K.G., et al.,

  Defendants.

FILED
2003 NOV 19 A 8:08
US DISTRICT COURT
HARTFORD CT

RULING AND ORDER

  Pursuant to a previous ruling and order filed August 1, 2003, TGW Transportgerate GMBH & Company ("TGW Austria") has filed an amended counterclaim against Warren Corporation, which Warren has moved to dismiss relying once again on the exclusivity provision of the Worker's Compensation Act, Conn. Gen. Stat. § 31-284(a).  The motion to dismiss is granted substantially for the reasons stated by Warren.

I. Facts

  The amended counterclaim alleges the same facts as the original, which are recited in the previous ruling and order, familiarity with which is assumed.  It adds only the following new allegations: the contract between TGW Austria and TGW International required the latter to install the yarn storage retrieval system ( the "System") in compliance with European Union ("EU") and American Occupational Safety and Health Administration ("OSHA") regulations concerning worker safety; and TGW Austria never contracted to provide warnings or safety precautions for the System.

II. <u>Discussion</u>

TGW Austria contends that its claim against Warren is not barred by the exclusivity provision of the Worker's Compensation Act because Warren's failure to install the System in compliance with EU and OSHA safety regulations constituted a breach of an "independent duty" it owed to TGW Austria. This argument raises the question whether Warren, in installing the equipment itself after TGW International became insolvent, thereby assumed TGW International's alleged contractual obligations to TGW Austria regarding the installation. TGW Austria cites no Connecticut case that supports this proposition and none has been found. Permitting the amended counterclaim would therefore require carving out an exception to the exclusivity provision of the Worker's Compensation Act. I am persuaded that the Connecticut Supreme Court would not be apt to take that step; it has held that the responsibility for carving out exceptions to provisions of the Act belongs to the legislature and not to the courts. See <u>Durniak v. August Winter & Sons, Inc.</u>, 222 Conn. 775, 781 (1992).

III. <u>Conclusion</u>

Accordingly, the motion to dismiss [Doc. #63] is hereby granted.

So ordered.

Dated at Hartford, Connecticut this 19th day of November 2003.

Robert N. Chatigny
United States District Judge