

FILED

2004 JAN 14 P 1: 58

U.S. DISTRICT COURT
HARTFORD, CT.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

KATHERINE CORMIER, ET AL.,
   Plaintiffs,

V.

TGW TRANSPORTGERATE GMBH &
CO.KG., ET AL.
   Defendants.

Case No. 3:01 CV 2176 RNC

JANUARY 13, 2004

## SECOND AMENDED COMPLAINT

COUNT ONE

1. At all times mentioned herein, the defendant, TGW Transportgerate GMBH & Co.KG (herein after referred to as "TGW") was a foreign company located in the Country of Austria with an office in Wels, Austria, where it engaged in the design, manufacture, wholesaling, distribution and/or retailing of a product more particularly known as an automatic yarn storage retrieval system (hereinafter referred to as the "Product"), the defendant TGW, INC., was a corporation organized and existing under the laws of the State of Maryland and engaged in the design, manufacture, wholesaling, distribution, and/or retailing of the Product and the defendant TGW International N. V. (hereinafter referred to as "TGW International") was a foreign company located in the country of Belgium with an office in West Point Business Park Hofveld 6 C4 B-

1702 Groot Bijaarden were it was engaged in the design, manufacture, wholesaling, distribution and/or retailing of the Product.

2. The Plaintiff, Katherine Cormier is a resident of the Town of Stafford Springs and the State of Connecticut.

3. In February 1995, the Plaintiff's employer, Warren Corporation, with an office at 8 Furnace Avenue in the Town of Stafford Springs, State of Connecticut contracted with Defendant, TGW International for the purchase and installation of the Product, as designed, manufactured and/or distributed by the Defendants TGW and/or TGW, Inc.

4. Thereafter, the Defendants TGW and TGW International installed and/or supervised the installation of the Product at Warren Corporation's facility in Stafford Springs, Connecticut, until the Product was operational.

5. After the Product was operational, the Defendants, TGW and TGW, Inc. provided maintenance and/or repairs to the Product.

6. On November 16, 1998, the Plaintiff's employer was putting the Product to its intended use, when the Product suddenly and without warning, caused the Plaintiff severe and serious personal injuries hereinafter set forth.

7. Defendants are liable and legally responsible to the Plaintiff for her injuries caused by the Product by virtue of Connecticut General Statutes § 52–572m, et seq., in one or more of the following ways:

    a. in that the Product was in a defective and unreasonably dangerous condition when manufactured, delivered and/or installed and could not be used without unreasonable risk of injury to the Plaintiff. Said product was expected to and did reach the Plaintiff without substantial change in the condition from which it was designed, manufactured, delivered, sold and installed;

    b. in that the Defendants failed to warn or instruct the Plaintiff that the Product in question was dangerous;

    c. in that the warnings and instructions which were given and which accompanied the Product were inadequate and failed to provide sufficient notice to the Plaintiff of the dangerous propensities of the Product;

    d. in that the Defendants misrepresented to the Plaintiff and the general public that the Product in question was safe for use by the public;

    e. in that the Defendants failed to disclose to the Plaintiff and the general public the dangerous propensities of the Product;

    f. in that the defendants were negligent in failing to properly and adequately test the Product prior to marketing it; in that the defendant, TGW designed the Product in a defective manner; in that the defendants knew or should have known of the dangerous characteristics of the Product yet continued their manufacture and distribution;

    g. in that the Defendants breached an implied warranty of merchantability in that the Product was not of merchantable quality and fit for its intended purpose;

    h. in that the Defendants breached their express warranties that the Product was safe and effective for its intended use;

    i. in that the Defendants did not install or equip the Product with the proper and adequate safety devices; and

    j. in that the Defendants did not have a shut off switch on the Product.

  8. The Product in question was not altered or modified by the Plaintiff's employer or any third party from the condition in which it was designed, manufactured, sold, delivered and installed by the Defendants.

  9. As a result of the Product's defects, the Plaintiff suffered the following severe, painful and serious injuries:

    a. Fracture of the mid-tibial and fibular shafts, with anterior and medial angulation;

4

   b. Multiple contusions; and

   c. A severe shock to the nervous system.

 10. Some, if not all, of the aforesaid injuries are permanent in nature.

 11. As a further result of the Product's defects, the Plaintiff suffered and will suffer in the future great physical pain and mental anguish, nervousness, loss of sleep and appetite.

 12. As a further result of the Product's defects, the Plaintiff has been restricted and prevented from pursuing the activities in which she engaged prior to the date of her injuries and her ability to get around and enjoy life's offerings has been impaired and will be so affected permanently for the remainder of her life.

 13. As a further result of the Product's defects, the Plaintiff was caused to lose time from her employment causing her financial loss and her earning capacity has been impaired and diminished.

 14. As a further result of the Product's defect, the Plaintiff has incurred and will incur in the future considerable expense for hospital care, the care of doctors, medical care and treatment, X-rays, medicines and medical supplies all to her financial detriment.

COUNT TWO

 1.-14. Paragraphs 1-14 of Count One are hereby made paragraphs 1-14 of Count Two.

15. The Plaintiff David E. Cormier of the Town of Stafford Springs and State of Connecticut is the spouse of the Plaintiff Katherine Cormier.

16. As a result of the injury to the Plaintiff Katherine Cormier, his spouse the Plaintiff David E. Cormier claims loss of consortium.

## COUNT THREE

1.-2. Paragraphs 1 and 2 of Count One are hereby incorporated by reference as Paragraphs 1 and 2 of Count Three.

3. In February 1995 the Plaintiff's employer, Warren Corporation contracted for the design, manufacture and installation of the Product.

4. The Defendant TGW manufactured and/or supplied the mechanical components for the Product.

5. Specifically, TGW manufactured and/or supplied a component within the Product, more particularly known as the transfer car, as well as the track upon which the transfer car travels (hereinafter collectively referred to as the "Car").

6. The Car was installed and used as a component within the Product in accordance with the instructions and directions of TGW.

6

7. On November 16, 1998, the Plaintiff's employer was putting the Product to its intended use, when the Car suddenly and without warning, caused the Plaintiff severe and serious personal injuries as hereinafter set forth.

8. TGW is liable and legally responsible to the Plaintiff for her injuries caused by the Car by virtue of Connecticut General Statutes § 52-572 et seq., in one or more of the following ways:

    a. in that the Car was in a defective condition and unreasonably dangerous when manufactured and/or supplied and could not be used as part of the Product without unreasonable risk of injury to those around the Product and specifically the Plaintiff. Said component was expected to and did reach the Plaintiff's employer without substantial change in the condition from which it was designed, manufactured and supplied.

    b. in that the Car did not include an adequate warning system or mechanism to warn the Plaintiff and others around the Product of the dangerousness of the component when the Product was operating;

    c. in that any warning mechanism that was included as part of the Car was ineffective in warning those around the Product and specifically the Plaintiff of the dangerous propensities of the component when the Product was operating;

    d. in that the Car did not include a detection mechanism or system to detect the present of persons, specifically the Plaintiff, within its path, so that said component was unsafe

7

and unreasonably dangerous when the Product was operating;

    e. in that that Car did not include an automatic shut-off so that if said component came into contact with a person's body the Car would automatically stop;

    f. in that the TGW failed to disclose to the general public the dangerous propensities of the Car when the Product was operating; and

    g. in that TGW failed to equip the Car with adequate safety devices.

9. The Car was not altered or modified by the Plaintiff's employer or any third party from the condition in which it was manufactured and supplied by TGW.

10. As a result of the Car's defects, the Plaintiff suffered the following severe, painful and serious injuries:

    a. Fracture of the mid-tibial and fibular shafts, with anterior and medial angulation;

    b. Multiple contusions; and

    c. A severe shock to the nervous system.

11. Some, if not all, of the aforesaid injuries are permanent in nature.

12. As a further result of the Car's defects, the Plaintiff suffered and will suffer in the future great physical pain and mental anguish, nervousness, loss of sleep and appetite.

13. As a further result of the Car's defects, the Plaintiff has been restricted and prevented from pursuing the activities in which she engaged prior to the date of her injuries and her ability to get around and enjoy life's offerings has been impaired and will be so affected permanently for the remainder of her life.

14. As a further result of the Car's defects, the Plaintiff was caused to lose time from her employment causing her financial loss and her earning capacity has been impaired and diminished.

15. As a further result of the Car's defect, the Plaintiff has incurred and will incur in the future considerable expense for hospital care, the care of doctors, medical care and treatment, X-rays, medicines and medical supplies all to her financial detriment.

COUNT FOUR

1.-15. Paragraphs 1-15 of Count Three are hereby incorporated by reference and made paragraphs 1-15 of Count Four as if more fully set forth herein.

16. The Plaintiff David E. Cormier of the Town of Stafford Springs and State of Connecticut is the spouse of the Plaintiff Katherine Cormier.

17. As a result of the injury to the Plaintiff Katherine Cormier, her spouse the Plaintiff David E. Cormier claims loss of consortium.

WHEREFORE, the Plaintiffs claim:

1. Fair, just and reasonable damages;

2. Attorney's Fees and Costs in accordance with C.G.S.A. Sec. 52-240a;

3. Punitive damages in accordance with C.G.S.A. Sec. 52-240b; and

4. Such other further relief that the Court deems fair and equitable.

Dated at Hartford, Connecticut, this 13th day of January, 2004.

PLAINTIFFS, KATHERINE CORMIER &
DAVID E. CORMIER

By _____
    Gerald L. Garlick, Esq.
    Krasow, Garlick & Hadley, LLC
    One State Street
    Hartford, CT 06103
    Telephone: (860) 549-7100
    Federal Bar No. ct05627

001628/00001/17043.1

## CERTIFICATION OF SERVICE

The undersigned represents that a copy of the foregoing has been sent to the following this 13th day of January, 2004:

Philip S. Walker, Esq.
Charlsa D. Broadus, Esq.
Day, Berry & Howard, LLP
CityPlace I
Hartford, CT 06103
(Counsel for TGW, Inc. & TGW Transportgerate GmbH & Co.KG)

Jason L. McCoy, Esq.
Law Offices of Jason L. McCoy
280 Talcottville Road
Vernon, CT 06066
(Counsel for Katherine and David Cormier)

Paul M. Pieszak, Esq.
Law Offices -- Lewis S. Lerman
8 Wright Street, 1st Floor
Westport, CT 06880
(Counsel for Intervening Plaintiff Warren Corporation)

Gerald L. Garlick, Esq.

001628/00001/17043.1