UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2004 JAN 20 P 1:03
U.S. DISTRICT COURT
HARTFORD, CT.

| | | |
|---|---|---|
| KATHERINE CORMIER, ET AL | : | CIVIL ACTION NO. |
| Plaintiffs, | : | |
| VS. | : | 3:01CV2176 (RNC) |
| TGW TRANSPORTGERATE GmbH & CO. KG, ET AL | : | |
| | : | JANUARY 16, 2004 |
| Defendants. | : | |

### ANSWER OF THE DEFENDANTS TGW TRANSPORTGERATE GMBH & CO. KG AND TGW, INC. TO THE SECOND AMENDED COMPLAINT

FIRST DEFENSE

COUNT ONE

1.  As to Paragraph 1, these Defendants admit: a) the Defendant TGW Transportgerate GmbH & Co. KG ("TGW") is an Austrian corporation with its office in Wels, Austria; b) the Defendant TGW, Inc., is a corporation organized and existing under the laws of the State of Maryland, but that it had not as yet been formed at the times mentioned in the Complaint; and c) the Defendant TGW International N.V. ("TGW International") was a Belgian corporation with its office at West Point Business Park Hofveld 6 C4 B-1702 Groot Bijaarden where it was engaged in the design, manufacture, installation and sale of the Product. The remainder of said Paragraph is denied.

2.  As to Paragraphs 2, 6, 9, 10, 11, 12, 13, and 14, these Defendants have insufficient knowledge or information upon which to form a belief.

3.  As to Paragraph 3, these Defendants admit so much of said Paragraph as reads: "In February 1995, the plaintiff's employer, Warren Corporation, with an office at 8 Furnace Avenue in the Town of Stafford Springs, State of Connecticut, contracted with the Defendant

TGW International for the purchase and installation of the Product . . ." The remainder of said Paragraph is denied.

4. Paragraph 4 is denied insofar as it refers to the Defendant, TGW.

5. Paragraph 5 is admitted insofar as it refers to TGW and denied insofar as it refers to TGW, Inc.

6. Paragraph 7 is denied insofar as it refers to these Defendants. To the extent it refers to TGW International, these Defendants have insufficient knowledge or information upon which to form a belief and therefore, leave the Plaintiffs to their proof.

7. Paragraph 8 is denied.

## COUNT TWO

1. The responses to Paragraphs 1 through 14 of Count One are hereby made the responses to Paragraphs 1 through 14 of Count Two as if fully set forth herein.

2. As to Paragraphs 15 and 16, these Defendants have insufficient knowledge or information upon which to form a belief and therefore, leave the Plaintiffs to their proof.

## COUNT THREE

1. The responses to Paragraphs 1 and 2 of Count One are hereby made the responses to Paragraphs 1 and 2 of Count Three as if fully set forth herein.

2. Paragraphs 3, 4, and 5 are admitted.

3. Paragraphs 6, 8, and 9 are denied.

4. As to Paragraph 7, these Defendants have insufficient knowledge or information upon which to form a belief and therefore, leave the Plaintiffs to their proof.

5.   The allegations of defect in Paragraphs 10, 11, 12, 13, 14, and 15 are denied. As to the remainder of said Paragraphs, these Defendants have insufficient knowledge or information upon which to form a belief and therefore, leave the Plaintiffs to their proof.

COUNT FOUR

1.   The responses to Paragraphs 1 through 15 of Count Three are hereby made the responses to Paragraphs 1 through 15 of Count Four as if fully set forth herein.

2.   As to Paragraphs 16 and 17, these Defendants have insufficient knowledge or information upon which to form a belief and therefore, leave the Plaintiffs to their proof.

### SECOND DEFENSE

The Plaintiffs fail to assert a cause of action against these Defendants upon which relief can be granted.

### THIRD DEFENSE

As provided under § 52-572p of the Connecticut General Statutes, these Defendants are not liable because the mechanical components manufactured and sold by the Defendant, TGW, were substantially altered and modified by one or more third parties after leaving TGW's custody and control in that these components were combined with other components, fitted with control systems designed and manufactured by others, and finally installed as part of the end "Product" – i.e. the automatic yarn retrieval system, at the Warren Corporation site.

DEFENDANTS, TGW TRANSPORTGERATE
GMBH & CO. KG. and TGW, INC.

By _____
Philip S. Walker (ct 05172)
Day, Berry & Howard LLP
CityPlace I
Hartford, Connecticut 06103-3499
(860) 275-0100
Juris No. 14229

## CERTIFICATION

THIS IS TO CERTIFY that a copy of the foregoing was mailed this date, via first class mail, postage prepaid, to all counsel and pro se parties of record, as follows:

Jason L. McCoy, Esq.
Law Offices of Jason L. McCoy
280 Talcotville Road
Vernon, CT 06066

Kenneth M. Rozich, Esq.
Krasow, Garlick & Hadley, LLC
One State Street
Hartford, CT 06103

Christopher J. Powderly, Esq.
P.O. Box 990029
Hartford, CT 06199

Peter J. Ponziani, Esq.
Deborah E. Roser, Esq.
Litchfield Cavo
40 Tower Lane, Suite 200
Avon, CT 06001

_____
Philip S. Walker